Jerome H. Mooney (SBN: 199542)
jerrym@mooneylaw.com
Rebekah F. Frushtick (SBN: 250757)
rff@wgdlaw.com
Weston, Garrou & Mooney
G. Randall Garrou (SBN: 74442)
randygarrou@wgdlaw.com
Of Counsel to Weston, Garrou & Mooney
12121 Wilshire Boulevard, Suite 525
Los Angeles, California 90025-1176
Telephone: (310) 442-0072
Facsimile: (310) 442-0899

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAUREN HARB, MICHELLE RAYFIELD, and CAROLYN BALL, individually and on behalf of all others similarly situated,<br><br>　　　Plaintiffs,<br><br>　vs.<br><br>7 CUPS OF TEA, CO., d/b/a/ 7 CUPS, a Delaware corporation; GLEN MORIARTY, and DOES 1-10,<br><br>　　　Defendants. | Case No: 2:25cv4927<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

# TABLE OF CONTENTS

JURISDICTION ............................................................................................................. 1

THE PARTIES .............................................................................................................. 1

I.   Defendants ........................................................................................................ 1

II.  Plaintiffs ........................................................................................................... 2

VENUE ......................................................................................................................... 3

GENERAL FACTUAL ALLEGATIONS ................................................................... 3

CLASS ACTION ALLEGATIONS ............................................................................. 7

A.  The Proposed Classes ...................................................................................... 7

    1.   The Nationwide Class ............................................................................ 7

    2.   The California Sub-Class ....................................................................... 7

B.  Approximate Size of Proposed Class .............................................................. 7

C.  Adequacy of Class Representatives ................................................................. 8

D.  Commonality of Questions of Law and Fact .................................................. 8

E.  Typicality of Class Representatives' Claims .................................................. 9

F.  Findings Required by Rule 21(b)(3) ............................................................... 9

G.  Nature of Notice to the Proposed Class Which is Contemplated ................. 10

CLAIMS FOR RELIEF .............................................................................................. 11

I.   *Nationwide Claims* ........................................................................................ 11

    COUNT 1 ........................................................................................................ 11

    Violation of 15 U.S.C. § 1125(a)(1)(A) (Deceiving as to Affiliation) ............ 11

    COUNT 2 ........................................................................................................ 11

    Violation of 15 U.S.C. § 1125(c) (Dilution of Mark) ..................................... 11

II. *California Sub-Class Claims* ............................................................................... 12

    COUNT 3 ................................................................................................................ 12

    Violation of BPC § 17200 (Unfair Competition) ................................................... 12

    COUNT 4 ................................................................................................................ 13

    Violation of Cal. Civ. Code § 3344 (Unauthorized use of another's name for commercial purposes) ........................................................................................... 13

PRAYER FOR RELIEF ................................................................................................. 14

DEMAND FOR JURY TRIAL ...................................................................................... 16

# COMPLAINT

Plaintiffs, based on personal knowledge as to themselves, and information and belief as to all other matters, allege as follows:

## JURISDICTION

1. This case is brought as a Class Action under F.R.Civ.P 23, and meets the class action filing requirements of subdivisions (a), (b)(1)(A) and (b)(1)(B) of that rule and qualifies for the judicial findings required by subdivision (b)(3) of that rule.

2. This case arises under 15 U.S.C. §§ 1125(a) (deception as to affiliation) and (c) (dilution of trademark) of the Lanham Act, as well as state unfair competition statutes including Cal. Bus. & Prof. Code § 17200 (unfair competition) and Cal. Civil Code § 3344 (unauthorized commercial use). This Court has subject matter jurisdiction over the claims in this case under 28 U.S.C. §§ 1331 (federal question jurisdiction over cases involving the laws of the United States) and 28 U.S.C. § 1338(a) (jurisdiction over trademark claims and 28 U.S.C. § 1338(b) (jurisdiction over related unfair competition claims). This Court also has diversity jurisdiction under 28 U.S.C. § 1332(d)(2), because it is filed as a class action, the amount in controversy for the class exceeds Five Million Dollars ($5,000,000) and at least one class representative is a citizen of a State different from any defendant.

3. The Court also has supplemental jurisdiction over all of Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

## THE PARTIES

**I.   Defendants**

4. Defendant 7 CUPS OF TEA, CO., (hereafter "7 Cups") is a Delaware corporation with offices and its principal place of business in Santa Clara County, California. 7 Cups represents to the public, through its Google listing, that it is "the world's largest mental health community," and that it provides "Free Online Therapist & Counseling." It represents through its own website and other public means that it provides treatment of emotional distress and other mental health problems through both professionals and non-professionals. In addition to providing free chat communications by

non-professionals, its website advertises that it provides "Affordable Therapy Online" consisting of "Confidential online therapy & coaching with licensed therapists for a low monthly fee."

5. Defendant 7 Cups filed a Statement of Information with the California Secretary of State on June 3, 2022, which states that its "Principal Address" is "828 Bryant Street, Suite B, Palo Alto, California 94301," and in which it lists its "Type of Business" as "Mental Health Services." Plaintiffs are informed and believe that this is accurate information.

6. Defendant GLEN MORIARTY is the Founder and CEO of 7 Cups and on information and belief controls its day-to-day activity. Plaintiffs are informed and believe that he is a resident of both Palo Alto, California, and Fort Mill, South Carolina.

7. Defendant MORIARTY is identified on americares as a psychologist who "has lead to 7 Cups reaching 39 million people in 189 countries in less than five years."

8. Defendants Does 1 through 10 are other persons whose identity is presently unknown to Plaintiffs but who are actively involved in the wrongful conduct of 7 Cups with knowledge of the nature and extent of their involvement and the wrongdoing of 7 Cups.

**II.    Plaintiffs**

9. Plaintiff LAUREN HARB is a licensed Doctor of Psychology who resides and maintains a private practice in Los Angeles, California. She advertises her services in the nationally known publication Psychology Today.

10. Plaintiff MICHELLE RAYFIELD is a licensed Family and Marriage Counselor who resides and maintains a private practice in Los Angeles, California. She advertises her services in the nationally known publication Psychology Today.

11. Plaintiff CAROLYN BALL is a licensed professional counselor who resides and maintains a private practice in Denton County, Texas. They advertise their services in the nationally known publication Psychology Today and in the Lotus Flower Mound website found at www.lotus-counseling.com.

2

## VENUE

12. Because Defendants' principal office is in Santa Clara County, California, Defendants are subject to personal jurisdiction in this state and venue is proper in any District within this State, pursuant to 28 U.S.C § 1391(b)(1), as modified by 28 U.S.C. § 1391 (d).

13. Two of the plaintiffs reside, practice, and make their services available in Los Angeles, California. Accordingly, venue is additionally proper in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) and *Zippo Manufacturing Co. v. Zippo Dot Com, Inc.,* 952 F.Supp. 1119 (W.D.Pa. 1997), because Defendants' online practices have caused injury to Plaintiffs within this District.

## GENERAL FACTUAL ALLEGATIONS

14. All the Plaintiffs and putative class and sub-class members are professional psychologists, marriage counselors, and other licensed professionals in the field of therapeutic mental health treatment.

15. All the Plaintiffs and putative class and sub-class members are licensed to practice under the laws of their respective states.

16. Defendant 7 Cups has held itself out to the general public in its registration with the California Secretary of State and on its website as a provider of counseling services, including both licensed and unlicensed providers, throughout the United States and beyond.

17. As a part of its online advertising, Defendants have included the names, credentials and background information of licensed therapists, marriage counselors, and other related service providers, including each Plaintiff herein, as if the services of such individuals were available through 7 Cups. Plaintiffs are informed and believe that the number of such licensed individuals listed on Defendants' website is at least many thousands.

18. On information and belief, these profiles were obtained by Defendants from profiles that the actual providers, including Plaintiffs, made available on Psychology

Today, a nationally well-known magazine also available for viewing through its website on the Internet, or some similar professional listing service.

19. Few, if any, of these licensed professionals (and none of the Plaintiffs or putative class and sub-class members) had any knowledge of Defendants or of Defendants' use of their name and information in connection with the advertising of their services on Defendants' website, and none of them gave permission for such use.

20. Although Defendants' website provides the impression that the Plaintiffs and putative class and sub-class members listed on its website are/were, in fact, available for services on behalf of Defendants, they were not.

21. Defendants had never notified Plaintiffs or putative class and sub-class members of the advertising of their services on Defendants' website and had no intention to use them for any work, nor even provided any leads to them unless they paid a fee to Defendants.

22. Instead, on information and belief, after baiting its users to use it to select the services of Plaintiffs and other class and sub-class members, Defendants would then switch any individual who contacted them asking for one of the unauthorized profiles to someone who actually worked for them, more often than not, to an unlicensed person. Defendants would then charge its users a fee for providing this counseling service.

23. Defendant 7 Cups, for at least the last four years, has included the names of Plaintiffs and all putative class and sub-class members, as a part of its website listings of licensed therapy and related service providers as if the services of these individuals were available through Defendant. In almost every case the listing includes a picture of each Plaintiff and/or putative class and sub-class members, and the name, professional credentials and service-related descriptions for each such individual. The listing also includes a "button" labeled "send message," making its users believe they were actually sending a message to one of the Plaintiffs or one of the other similarly situated putative class and sub-class members. Although Defendants have recently added a disclaimer, it is insufficient to cure the misuse.

4

24. The listed names and profiles were not obtained from Plaintiffs or the putative class and sub-class members. In fact, on information and belief, virtually none of the thousands of names listed were listed, at least initially, with the knowledge, let alone the permission, of the listed individual.

25. On information and belief, no attempt by any consumer to reach any of the Plaintiffs or putative class and sub-class member was passed on to the Plaintiffs or any putative class and sub-class member.

26. On information and belief, the source for the unauthorized listings is other properly sanctioned sources such as Psychology Today. The major difference is that a listing on Psychology Today provides actual information on how to contact the listed professional.

27. On information and belief when a member of the public would attempt to make contact with a listed therapist through 7 Cups they were redirected to the 7 Cups "active listening" service. Notably, this service is not staffed by licensed mental health professionals but rather mostly by untrained volunteers.

28. On information and belief, when individuals learned of the unauthorized use of their name and credentials and attempted to cause Defendants to remove the listing, they were often met with resistance as set forth below.

29. A recent article on Mashable by Rebecca Ruiz (April 17, 2025) reported on one such licensed individual and her efforts to have her information removed. The article includes efforts through LinkedIn to get 7 Cups to fix the listing and an admission from 7 Cups that "it doesn't have accurate contact information for all listed therapists."

30. In addition, on information and belief, when therapists learn that their information and profile is on 7 Cups and make contact with 7 Cups, 7 Cups will often attempt to get them to authorize the listing in return for leads that might come in, but for a monthly fee of $30 per month. Only therapists that have agreed to these terms can receive referrals from 7 Cups.

5

31. On information and belief, the offer above is extortionate because, absent the payment of any money, the Defendants will often continue to post their trademark without their permission. It is unknown how many, if any, putative class and sub-class members paid Defendants in response to this.

32. On information and belief, if the licensed therapist just wants the listing removed, they are required to sustain a number of bureaucratic steps before that happens.

33. Each of the Plaintiffs in this matter, and each member of the putative class, are licensed professionals who hold themselves out to the public in their area and offer services under their name. Accordingly, for each of them, their name together with a listing of their professional certification, *e.g*., "Dr." Lauren Harb, is a service mark, within the meaning of the Lanham Act.

34. Defendants in fact, wrongfully acquired Plaintiffs' and class members' marks from sources where each of the marks, together with the advertising profile of the Plaintiff or putative class members, were placed to advertise the qualifications and services of the Plaintiff or putative class members.

35. Plaintiffs and class members including California sub-class members have actual losses in an amount to be determined at trial through the misuse of their trademark and diversion of potential clients seeking their services to Defendants' business but not less than Five Million Dollars ($5,000,000) nationally.

36. Because the inclusion of Plaintiffs' and putative class and sub-class members' names and professional credentials in Defendants' website and advertising falsely advertised the product Defendants had available and re-directed a potential customer to other service providers who actually worked for Defendants, this is a classic "bait and switch" operation.

# CLASS ACTION ALLEGATIONS

### A.   The Proposed Classes

#### 1.   The Nationwide Class

37.   Plaintiffs bring this action on behalf of themselves and on behalf of a proposed "Nationwide Class" initially defined as follows:

> All individuals who are licensed professionals practicing in mental health related services in one or more states within the United States who Defendants listed on the 7cups.com website as being associated with Defendants' business without the consent of such licensed professional, which listing included the use of their name.

#### 2.   The California Sub-Class

38.   Plaintiffs also bring this action on behalf of the California sub-class consisting of the following:

> All individuals who are licensed professionals practicing in mental health related services in the State of California who Defendants listed on the 7cups.com website as being associated with Defendants' business without the consent of the licensed professional, which listing included the use of their name.

39.   Plaintiffs reserve the right to re-define any of the class definitions prior to class certification and after having the opportunity to conduct discovery.

### B.   Approximate Size of Proposed Class

40.   The members of the proposed class and the proposed sub-class are so numerous that individual joinder would be impracticable. Although Plaintiffs do not know the exact number, it is ascertainable from available documents and Defendants' records obtainable through discovery. Plaintiffs believe that the Nationwide class includes thousands of individuals, and that the California sub-class will be at least multiple hundreds.

### C. Adequacy of Class Representatives

41. Plaintiffs are proper representatives of the proposed classes. The positions and claims of Plaintiffs are typical of all putative class and sub-class members and there is no conflict of interest between them and putative class and sub-class members. They have retained counsel competent and experienced in complex class action litigation. Plaintiffs and their counsel will fairly and adequately protect the interest of the class and sub-class members.

### D. Commonality of Questions of Law and Fact

42. Common questions of fact and law exist as to all putative class and sub-class members. These common questions include, but are not limited to:

   a. Did Defendants post the identification and professional credentials of class and sub-class members on their website?

   b. Did Defendants obtain the permission of class and sub-class members before posting their identification and professional credentials?

   c. Would an average consumer looking at the postings believe that the class and sub-class members whose identification and professional credentials were so posted was associated with Defendants or would be otherwise misled by the posting?

   d. Was the posting of class and sub-class members' identity and professional credentials a use of their identification in connection with advertising?

   e. Did Defendants profit from the use of class and sub-class members' identification and professional credentials?

   f. Did Defendants otherwise engage in unfair, unlawful, fraudulent, unethical, unconscionable or deceptive trade practices?

   g. Did Defendants know or should they have known that their actions were likely to deceive a reasonable consumer?

8

  h. Were class and sub-class members injured as a result of Defendants' actions?

  i. Are class and sub-class members entitled to actual, compensatory, nominal, statutory, and/or punitive damages?

  j. Did Defendants' action violate the statutes as alleged in this Complaint?

  k. Are the Plaintiffs and class and sub-class members entitled to injunctive, declaratory, or other equitable relief?

  l. Are Plaintiffs and class and sub-class members entitled to civil penalties?

  m. Are Plaintiffs and class and sub-class members entitled to disgorgement of Defendants' unlawful profits?

  n. Are Plaintiffs and class and sub-class members entitled to reasonable attorneys' fees and costs?

### E. Typicality of Class Representatives' Claims

43. Each Plaintiff asserts the claims that are shared by all of the members of the appropriate class. Each Plaintiff had their identification and professional credentials together with information that they had posted to a professional service coopted without their permission and utilized as a part of Defendants' promotion of its services.

44. As to Plaintiffs Harb and Rayfield, who practice in California, the utilization of their name for a commercial purpose was common to all putative California sub-class members.

### F. Findings Required by Rule 21(b)(3)

  **a. Class and sub-class members' interest in controlling prosecution of separate actions:**

45. The sheer number of individuals who make up the putative class and California sub-class who were injured as a result of the wrongful actions of Defendants calls for class treatment. The damages to each individual would be difficult to individually prosecute and would create a great burden making it virtually impossible for individual

class and California sub-class members to obtain vindication for the wrong that has been done to them. Each individual action would rely upon almost identical facts and legal theories and would create a substantial burden on courts. A class action provides the only reasonable and meaningful means of management and conduct of this matter.

  **b. Extent of any litigation on this controversy has already begun:**

46. There are two recently filed actions involving the controversy: <u>Slavit et al. v. 7 Cups of Tea, Co.</u>, E.D. Pa. no. 2:25-cv-2284, and <u>Castro, et al. v. 7 Cups of Tea, Co.</u>, E.D.N.Y. no. 1:25-cv-2563.

  **c. Desirability of concentrating the litigation in the Central District of California:**

47. Two of the representative Plaintiffs practice in and were injured in Los Angeles County, California. Additionally, Defendants offered their services from California. Although they have changed their notice address to South Carolina, it appears that all services they provided were centered in and conducted primarily from their offices in California. It is further anticipated that the number of putative members of the California sub-class will be very large.

  **d. Likely difficulties in managing a class action:**

48. The greatest expected difficulty will be reaching the class and sub-class members. It is highly likely that many of the class and sub-class members are still unaware of how they were victimized by Defendants. This is compounded by the very large number of individuals whose identification and professional credentials were improperly co-opted.

**G. Nature of Notice to the Proposed Class Which is Contemplated**

49. It is anticipated that class and sub-class members can be located by placing advertisements in Psychology Today (believed to be the prime source of the improperly used identification), a website providing information and contact information, and mailings to identified individuals.

# CLAIMS FOR RELIEF

**I.** *Nationwide Claims*

## COUNT 1

### Violation of 15 U.S.C. § 1125(a)(1)(A) (Deceiving as to Affiliation)

50. Plaintiffs allege and incorporate by reference all preceding paragraphs.

51. Defendants' Practice violates the nationwide class members' rights under the Lanham Act, including specifically under 15 U.S.C. § 1125(a)(1)(A), which prohibits deceiving consumers by falsely claiming an affiliation with a plaintiff.

52. 15 U.S.C. § 1116(a) allows the remedy of an injunction to prevent all violations of 15 U.S.C. § 1125(a). Pursuant to that statute, Plaintiffs are entitled to an injunction to prevent deception as to Defendants' unlawful communication of an affiliation with Plaintiffs or any similarly situated others for commercial purposes.

53. 15 U.S.C. § 1117(a), provides the following additional remedies for violations of 15 U.S.C. § 1125(a), including recovery of a defendant's profits, recovery of three times the amount of the plaintiffs' damages, the costs of the action, and, in exceptional cases, attorneys' fees. The Nationwide Plaintiffs here are entitled to all of those remedies given the egregious and intentional nature of Defendants' conduct.

## COUNT 2

### Violation of 15 U.S.C. § 1125(c) (Dilution of Mark)

54. Plaintiffs allege and incorporate by reference all preceding paragraphs.

55. Defendants' Practice violates the nationwide class member's rights under the Lanham Act, including specifically under 15 U.S.C. § 1125(c), dilution of their Mark. Pursuant to that subsection and the provisions of 15 U.S.C. § 1116(a) which apply to all violations of § 1125(c), Plaintiffs are entitled to an injunction to prevent continued violation of the dilution of their Mark.

56. Pursuant to 15 U.S.C. § 1125(c)(5), a plaintiff who prevails under 15 U.S.C. § 1125(c) is additionally entitled to the remedies provided by 15 U.S.C. § 1117(a), which include recovery of a defendant's profits, recovery of three times the amount of the

plaintiffs' damages, the costs of the action, and, in exceptional cases, attorneys' fees. The Nationwide Plaintiffs here are entitled to all of those remedies given the egregious and intentional nature of Defendants' conduct.

## II.     *California Sub-Class Claims*

### COUNT 3

### Violation of BPC § 17200 (Unfair Competition)

57.     Plaintiffs allege and incorporate by reference all preceding paragraphs.

58.     Plaintiffs and California sub-class members have actual losses through the diversion of potential clients seeking their services on Defendants' conduct constitutes "unfair competition" consisting of an unlawful and/or unfair business practice within the meaning of California Business and Professions Code ("BPC") § 17200, including because it violates 15 U.S.C. § 1125(a)(1)(A) (deceiving as to affiliation), 15 U.S.C. § 1125(c) (dilution of mark) and California Civil Code § 3344 (unauthorized use of another's name for commercial purposes).

59.     BPC § 17203 authorizes a private party to bring a civil action to seek injunctive relief as well as restoration to them of any interest they have in any money that may have been acquired by means of unfair competition. It additionally expressly provides that representative claims may be sought for such money by any person meeting the standing requirements of BPC § 17204 and who complies with California Code of Civil Procedure ("CCP") § 382.

60.     The California Plaintiffs and California sub-class members meet the standing requirements of BPC § 17204 because they are persons who have "suffered injury in fact and … lost money or property as a result of the unfair competition."

61.     CCP § 382 provides that "when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." Plaintiffs comply with this statutory requirement to bring this suit in a representative capacity for the California sub-class, as well as in their own right.

62. For the foregoing reasons, the California plaintiffs and California sub-class members are entitled to an injunction preventing Defendants from continuing to list licensed therapists as being potentially available on their website without having first obtained their advance written permission to do so.

63. The California plaintiffs and California sub-class members are also entitled to an award of monetary damages in an amount to be determined at trial constituting all profits Defendants made, in whole or in part, by their listing of these persons as potentially available therapists.

64. A successful result in this case will confer a significant benefit on a large class of persons and the necessity and financial burden of private enforcement are such as to make an award of reasonable attorneys' fees appropriate pursuant to CCP § 1021.5.

## COUNT 4

### Violation of Cal. Civ. Code § 3344 (Unauthorized use of another's name for commercial purposes)

65. Plaintiffs allege and incorporate by reference all preceding paragraphs.

66. Defendants' conduct constitutes the knowing use of another's name in any manner in connection with the solicitation of services without the person's prior consent in violation of California Civil Code ("Civil Code") § 3344.

67. Pursuant to Civil Code § 3344, as prevailing plaintiffs, the California plaintiffs and California sub-class members are entitled to each of the following remedies:

    a. The damages suffered by California plaintiffs and California sub-class members in an amount to be shown at trial;

    b. A minimum of $750 per violation if the amount of damages for any individual is less than that amount;

    c. Disgorgement of all profits made by the unauthorized use of the names of Plaintiffs and California sub-class members, less any amounts awarded as damages;

      d.    Punitive damages in an amount to be determined at trial; and

      e.    Reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

Plaintiffs seek the following relief:

1. Interim and permanent injunctive relief for violation of 15 U.S.C. § 1125(a)(1)(A), pursuant to 15 U.S.C § 1116(a), to prevent Defendants' deception as to communicating an affiliation with Plaintiffs or any similarly situated others for commercial purposes;

2. Each of the following remedies for violation of 15 U.S.C. § 1125(a)(1)(A), as provided in 15 U.S.C. § 1117(a):

    a.    Recovery of Defendants' profits;

    b.    recovery of three times the amount of the damages of Plaintiffs and all similarly situated others should their motion for class certification be granted;

    c.    the costs of the action; and

    d.    Plaintiffs' reasonable attorneys' fees.

3. Each of the following remedies for violation of 15 U.S.C. § 1125(c), as provided in 15 U.S.C. § 1117(a):

    a.    Recovery of Defendants' profits;

    b.    recovery of three times the amount of the damages of Plaintiffs and all similarly situated others should their motion for class certification be granted;

    c.    the costs of the action; and

    d.    Plaintiffs' reasonable attorneys' fees.

4. As to Plaintiffs and the California sub-class, each of the following remedies for their acts of unfair competition as defined in BPC § 17200:

    a.    Interim and permanent injunctions preventing Defendants from continuing to list Plaintiffs or any other licensed therapists as being

                    potentially available on their website without having first obtained their advance written permission to do so;

       b. an award of monetary damages under BPC § 17204 in an amount to be determined at trial constituting all profits Defendants made, in whole or in part, by their listing of Plaintiffs or any similarly situated individuals as potentially available therapists; and

       c. reasonable attorneys' fees under CCP § 1021.5 for all acts of unfair competition as defined in BPC § 17200.

5. Each of the following remedies for violation of Civil Code § 3344:

       a. The damages of Plaintiffs and California sub-class members, in an amount to be shown at trial, with a minimum of $750 per violation if the amount of damages for any individual is less than that amount;

       b. disgorgement of all profits made by the unauthorized use of the names of Plaintiffs and California sub-class members, less any amounts awarded as damages;

       c. punitive damages in an amount to be determined at trial; and

       d. reasonable attorneys' fees and costs.

# DEMAND FOR JURY TRIAL

Plaintiffs request a jury trial on claims except for those seeking injunctive relief.

Respectfully submitted,

**WESTON, GARROU & MOONEY**

By: __/s/ Jerome H. Mooney__
    **Jerome H. Mooney**

Attorneys for Plaintiffs

…/7 Cups Class Action Complaintdocx